THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVETTE CUELLO,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE DANIEL,<br><br>Defendant. | Case No. 22-cv-4629<br><br>Judge: |

**Complaint and Demand for Jury Trial**

**Introduction**

1. This is a housing harassment case. George Daniel owned and operated a multi-unit apartment building located at 7330 South Campbell in Chicago, Illinois. Yvette Cuello rented one unit in the building for herself and minor children. Daniel sexually harassed Cuello and retaliated against her when she rejected his advances. Daniel also violated many provisions of Chicago's Residential Landlord Tenant Ordinance. Cuello now sues to recover for her injuries.

**Jurisdiction & Venue**

2. This court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because of Cuello's federal Fair Housing Act claim.

3. This court has subject-matter jurisdiction over Cuello's remaining claims under 28 U.S.C. § 1367 because they arise from the same facts as her federal claim.

1

4. Venue is proper in this judicial district because the relevant events occurred in Cook County and the individual parties reside in Cook and La Salle Counties.

## Parties

5. Plaintiff Yvette Cuello is a person living in Chicago, Illinois.

6. Defendant George Daniel is a person living in Somonauk, Illinois.

## Allegations

*George Daniel*

7. The building located at 7330 South Campbell in Chicago, Illinois is a multi-unit residential apartment building.

8. At all relevant times, George Daniel owned the building.

9. Daniel was a hands-on landlord, finding new tenants, negotiating leases, collecting rent, and discussing issues with tenants.

*Yvette Cuello*

10. Yvette Cuello is a married woman with several, minor children.

11. She saw a sign advertising an available apartment at 7330 South Campbell.

12. She called the phone number on the sign, spoke with Daniel, viewed the property, signed a lease, and moved in around July of 2020.

13. That lease was subject to Chicago's Residential Landlord Tenant Ordinance.

*Daniel Harasses Cuello*

14. Several months after Cuello moved to his property, Daniel began sexually harassing her.

15. Daniel's sexual harassment included, but was not limited to:

   a. Rubbing Cuello's butt without her consent,

   b. Grabbing Cuello to pull her towards him without her consent,

   c. Trying to kiss Cuello without her consent,

   d. Making sexual comments about Cuello's butt,

   e. Making sexual comments about Cuello's appearance,

   f. Offering to waive Cuello's rent in exchange for sex, and

   g. Offering to waive Cuello's rent in exchange for oral sex.

16. All of Daniel's sexual advances were unwelcome.

17. Cuello rejected all of Daniel's sexual advances.

18. After Cuello consistently rejected his advances, Daniel grew hostile and retaliated.

19. Daniel retaliated by refusing to repair important defects in the apartment, including heating and other major issues.

20. Daniel retaliated by refusing to cooperate in Cuello's attempt to apply for pandemic-related rental assistance; choosing to forgo free money from the government just to make it life more difficult for Cuello.

21. Daniel retaliated by ordering Cuello to remove her car from her parking space, which was part of her lease.

22. Daniel retaliated by threatening to evict Cuello.

23. Daniel retaliated by threatening to report made-up allegations of child abuse to the authorities.

*Daniel's Violations of Chicago's Residential Landlord Tenant Ordinance*

24. Daniel violated the Residential Landlord Tenant Ordinance by:

    a. Failing to maintain the structural integrity of the building in that Cuello's unit would flood when it rains,

    b. Failing to provide working heat to Cuello's unit during the winter months,

    c. Failing to maintain Cuello's unit as an appropriate separate unit in compliance with local law,

    d. Failing to provide smoke and carbon monoxide safety devices, including detectors, alarms, and extinguishers, and

    e. Failing to comply with various other building code provisions, as described in City of Chicago Building Inspection reports for inspection numbers 13640646 and 13640101.

### *Cuello's Injuries*

25. Because of Daniel's sexual harassment and retaliation, Cuello experienced mental, physical, and emotional pain and suffering, giving rise to related bodily injury.

26. Because of Daniel's ordinance violations, Cuello suffered informational injury and the value of her housing was diminished.

### Claims for Relief

#### Count 1 – Federal Fair Housing Act

27. Cuello incorporates all other allegations here.

28. Daniel injured Cuello by committing discriminatory housing practices in violation of the federal Fair Housing Act.

29. Cuello is therefore entitled to injunctive relief, compensatory damages, punitive damages, declaratory relief, attorneys' fees and costs.

Count 2 - Assault

30. Cuello incorporates all other allegations here.

31. Daniel put Cuello in imminent fear of an offensive, unreasonable, unconsented, and unpermitted touching.

32. That conduct injured Cuello.

33. Cuello is therefore entitled to compensatory and punitive damages.

Count 3 - Battery

34. Cuello incorporates all other allegations here.

35. Daniel battered Cuello by making offensive and harmful contact with her, he intended to do so, and she did not consent nor was the contact permitted.

36. That conduct injured Cuello.

37. Cuello is therefore entitled to compensatory and punitive damages.

Count 4 – Chicago's Residential Landlord Tenant Ordinance

38. Cuello incorporates all other allegations here.

39. The ordinance imposes certain habitability requirements upon Chicago landlords.

40. Daniel violated many of those habitability related requirements when it came to Cuello's tenancy.

41. Those violations reduced the value of Cuello's tenancy, but Daniel did not reduce her rent.

42. Cuello is therefore entitled to compensatory damages and attorneys' fees.

**Prayer for Relief**

43. Cuello prays for a judgment with the following relief:

   a. Compensatory damages,

    b. Punitive damages,

    c. Attorneys' fees and costs,

    d. Pre- and post- judgment interest,

    e. Injunctive relief to prevent ongoing and future retaliation,

    f. Declaratory relief, and

    g. All other relief that the court finds just.

Dated: August 30, 2022

Respectfully submitted,

/s/ Thomas R. Kayes

Thomas R. Kayes
THE CIVIL RIGHTS GROUP, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
tom@civilrightsgroup.com
www.civilrightsgroup.com

Attorneys for Plaintiff

**Jury Demand**

Yvette Cuello demands a jury trial.

Dated: August 30, 2022

                                              Respectfully submitted,

                                              /s/ Thomas R. Kayes
                                              Thomas R. Kayes
                                              THE CIVIL RIGHTS GROUP, LLC
                                              2045 W Grand Ave, Ste B, PMB 62448
                                              Chicago, IL 60612
                                              t. 708.722.2241
                                              tom@civilrightsgroup.com
                                              www.civilrightsgroup.com

                                              Attorneys for Plaintiff